Filed 4/10/13  P. v. Alfaro CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ADAM HENRY ALFARO,<br><br>  Defendant and Appellant. | H037912<br>(Santa Clara County<br> Super. Ct. No. C1065458) |

Pursuant to a plea bargain, defendant Adam Henry Alfaro pleaded no contest to three counts of attempted murder (Pen. Code, §§ 187, subd. (a), 664, subd. (a))[1] and admitted the allegation that he personally and intentionally discharged a firearm in the commission of the attempted murder charged in count one (§ 12022.53, subd. (c)).  On appeal, defendant claims that the trial court failed to adhere to the sentence agreement, an error which is conceded by the People.  We modify the judgment and affirm the judgment as modified.

I

*Procedural History*

A first amended information, filed August 8, 2011, charged defendant Alfaro and a codefendant with committing three counts of attempted murder (§§ 187, 189, 664, subd.

---

[1]   All further statutory references are to the Penal Code unless otherwise specified.

(a)) on or about December 31, 2009 (counts one through three). The information also charged them with committing three counts of assault with a firearm against the same victims (§ 245, subd. (a)(2)) on or about December 31, 2009 (counts four to six). A seventh count charged defendant Alfaro with unlawfully discharging a firearm at an occupied motor vehicle on or about December 31, 2009. (§ 246.)

The information alleged that the murders attempted by defendant Alfaro were willful, deliberate, and premeditated (§§ 189, 664, subd. (a)). As to each attempted murder count, the information alleged that defendant Alfaro personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivision (c). As to each assault count, the information alleged that defendant Alfaro personally used a firearm within the meaning of sections 12022.5, subdivision (a), and 1203.06.

On August 8, 2011, defendant Alfaro pleaded no contest to the three counts of attempted murder and also admitted, as to count one, the alleged sentence enhancement pursuant to section 12022.53, subdivision (c), in exchange for a guaranteed 25-year prison term and dismissal of the remaining charges and allegations.

At the sentencing hearing on January 20, 2012, the court sentenced defendant to a total prison term of 25 years. It reached that sentence by imposing a five-year mitigated term on count one (§ 664, subd. (a)) and a consecutive 20-year sentence enhancement (§ 12022.53, subd. (c)). The trial court then imposed two concurrent 25 year sentences, consisting of five-year terms on counts two and three plus 20-year sentence enhancements (§ 12022.53, subd. (c)).

II

*Sentencing Error*

Defendant asserts that the court erred by imposing the sentence enhancements attached to counts two and three under section 12022.53, subdivision (c), since he did not admit the enhancement allegations and they should have been dismissed pursuant to the plea bargain. The People concede error and we agree that the trial court erred.

2

" ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.' '  [Citations.]" (*People v. Segura* (2008) 44 Cal.4th 921, 930-931, fn. omitted.)  Although a trial court retains sentencing discretion to reject a plea bargain, a court that has accepted a plea bargain is bound by it.  (See *ibid*.)  In addition, all enhancements must be "alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."  (§ 1170.1, subd. (e).)  Moreover, unless a criminal defendant waives the protection of the Sixth Amendment's right to jury trial, a sentence enhancement allegation must be tried to a jury and proven beyond a reasonable doubt. (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [120 S.Ct. 2348] ["Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"].)  In this case, the trial court imposed additional terms of imprisonment based on enhancement allegations neither found true nor admitted and its sentence did not conform to the plea agreement.  Accordingly, the judgment must be modified.

DISPOSITION

We modify the sentence by striking the two concurrent 20-year enhancement terms added to the base terms imposed on counts two and three pursuant to section 12022.53, subdivision (c).  As modified, the judgment is affirmed.  The trial court shall prepare a new abstract of judgment reflecting the modification.


ELIA, Acting P. J.

WE CONCUR:

BAMATTRE-MANOUKIAN, J.

MÁRQUEZ, J.

3